ELIZABETH M. PHAIR, as substituted administratrix *cum testamento annexo,* and trustee under the last will and testament of William F. Melosh, deceased, substituted as party complainant for Louise W. Melosh, as executrix and trustee under the last will and testament of William F. Melosh, deceased, HENRY J. MELOSH, as executor and trustee under the last will and testament of William F. Melosh, deceased, and MARGARET M. RUSCH, as executrix under the last will and testament of Louise W. Melosh, deceased, complainants-respondents,

*v.*

MONTICELLO REALTY COMPANY, INC., a corporation of the State of New Jersey, et al., defendants, and BLUE MIRROR, INC., a corporation of the State of New Jersey, defendant-appellant.

[Submitted February term, 1942. Decided April 23d, 1942.]

*Messrs. Collins & Corbin (Mr. Edward A. Markley* and *Mr. Raymond J. Lamb,* of counsel), for the complainants Elizabeth M. Phair and Margaret M. Rusch.

*Messrs. Melosh, Morten & Melosh, (Mr. Louis G. Morten,* of counsel), for the complainant Henry J. Melosh.

*Messrs. Cohen & Klein (Mr. Philip Klein,* of counsel), for the defendant-appellant, Blue Mirror, Inc.

PER CURIAM.

This is an appeal from a decree advised by Vice-Chancellor Fielder which determined that the defendant-appellant, Blue Mirror, Inc., was legally and equitably indebted to the estate of the decedent, William F. Melosh, in the sum of $6,000; that the mortgage given to secure the debt in which David P. Smyth was named as mortgagee was a valid and subsisting obligation of the said defendant; that the name "David P. Smyth" was a fictitious name assumed by William F. Melosh during his lifetime for his own purposes and that no person named David P. Smyth has or ever has had since November 24th, 1936, the date of the mortgage, any interest in the mortgaged premises.

In the bill of complaint filed by Louise W. Melosh (widow of the decedent) individually and Louise W. Melosh and Henry J. Melosh, executors and trustees under the will of the decedent, William F. Melosh, it is alleged, as far as the defendant Blue Mirror, Inc., was concerned, that that corporation owed the decedent $6,500 (now reduced to $6,000) on bond and mortgage; that these obligations in which David P. Smyth appeared as mortgagee were owned by Melosh at the time of his death; that David P. Smyth and his heirs, devisees and personal representatives are proper parties defendant; that assuming there was a person by that name in whom legal title to the mortgage vested, he, the said Smyth, held the same for the benefit of Melosh. The prayer was that it be decreed that the said defendant was indebted to the estate of Melosh in the amount of the mortgage; that the name of the mortgagee was fictitious and assumed by Melosh for business purposes or, if the named mortgagee was a real person, that he be decreed to hold the bond and mortgage for the benefit of complainants or, if he be dead, that it be decreed that his heirs, &c., have no interest therein. This defendant answered saying that Melosh had imposed upon and defrauded it and that he led the defendant to believe that

Smyth was a real person who owned the premises described in the mortgage and induced the defendant to enter into the contract with the fictitious Smyth to purchase the premises and to give back a mortgage for part of the purchase price; that, believing Smyth was a real person, the defendant accepted a warranty deed purporting to have been executed and acknowledged by Smyth. This defendant filed a counter-claim saying that the entire transaction was a fraud by Melosh; that Melosh was a married man whose wife was living and who consequently had an inchoate dower right in the premises which, upon his death, became absolute; that when this defendant learned the facts for the first time from the bill of complaint it gave notice of rescission and tendered a conveyance of its right, title and interest in the premises and prayed that the sale be declared void, the mortgage canceled and the complainants compelled to account for the expenditures by the defendant in connection with the contract of purchase and sale.

Since the filing of the bill Louise W. Melosh, the widow of the defendant, died and her dower right was, of course, extinguished by that event (*N. J. S. A. 3:37-1*). The learned Vice-Chancellor held that defendant Blue Mirror, Inc., had failed to present any proof that made out a defense to the bill of the parties complainant and had failed to produce proof of a meritorious counter-claim. The counter-claim was therefore dismissed.

It is unnecessary for us to pass upon the question as to whether David P. Smyth was a real or fictitious person. If he was a real person and unmarried, as appears by an affidavit credited to him, his full covenant and warranty deed divested him of every right he might have had either personally or as undisclosed trustee for Melosh. If such a person did not exist and the conveyance was the work of Melosh, masquerading as Smyth, no outstanding interest remained in Melosh. The death of Mrs. Melosh quieted any claim concerning dower. We assume there was no defect in the Melosh title. If there was it would have been pleaded in defendant's counter-claim. The appellant received just what it contracted to purchase, namely, title to the premises in question. The Vice-Chan-

cellor's determination that the bond and mortgage was the property of the estate of Melosh was correct.

The decree so finding and dismissing the counter-claim of the defendant is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.